## PRICE v. KIRBY.

1. When the judgment of the Court, confirming an award of arbitrators, states that the "arbitrators were sworn according to law," if it does not appear from the record that an oath was administered to them before the award was made, this Court will intend that proof was made that such was the fact.
2. When arbitrators recite "*under their hands and seals*" that an award was made, but omit making a scroll opposite their names, it is a sufficient compliance with the statute.
3. No objection can be made to an award in the appellate Court, which was not made in the Court below, unless it appear from the record, that the award did not decide the matters in controversy.

Error to Lauderdale Circuit Court.

THIS action was brought by the defendant in error against the plaintiff in error, for a breach of covenant, and on the motion of the parties, the matters in controversy were referred to the award of two persons, whose award was to be entered up as the judgment of the court.

The referees returned an award, upon which the following order was made: This day came the parties by their attornies, and the plaintiff, by his attorney, moved the court to confirm the report of the arbitrators, made in this case, to-wit: Benjamin Ingram and Donald Campbell, but the defendant objected thereto, on the ground of the award not being under the seals of the arbitrators, and because it was not shewn that the arbitrators acted under oath; but the court overruled the objections, and affirmed the award. The court rendered judgment for the plaintiff below, from which this writ of error is prosecuted by the defendant below, who assigns for error—

1st. There was no order of the court certified by the clerk:

2d. The arbitrators were not sworn according to law:

3d. The award was not made under the seal of the arbitrators:

4th. The award is void, because there was no statement of the clerk to the arbitrators of what was referred to them:

5th. The award is void, because it does not state the names of the parties, so as to ascertain in whose favor, and against whom, it was made.

Hopkins, for plaintiffs in error.
McClung, contra.

ORMOND, J.—No objection can be made in this Court to the award, which was not made in the court below, unless indeed, it should appear from the judgment of the court, that the award did not decide the matters in controversy between the parties; which does not appear to be the predicament of this case. The only objections made to the award in the court below were, that it did not appear that the arbitrators acted under oath; and that the award was not sealed by them.

The first objection is slightly varied in the assignment of error, which is, that it does not appear that the arbitrators were sworn according to law. This objection is rested in this court, on the language of the certificate of the justice of the peace, which is, that he administered to the arbitrators an oath, to decide the matters in controversy between the parties, impartially, according to equity, and the evidence. It is true, that he does not state that it was before they entered upon the arbitration; but that such was the fact, is clearly deducible from the language employed by him, which imports future action.

But a still more conclusive answer to the objection is, that it might have been proved by parol, that the oath which the law requires, was administered to the arbitrators before they entered on their duties: and if no certificate; that such was the fact, was found in the record, we would intend that the fact was established in some mode, as it is stated in the judgment of the court, that the arbitrators were sworn according to law; and if such was not the fact, it should have been shown by bill of exceptions.

As to the remaining point, we understand the requisition of the statute, that the arbitrators shall seal their award, to be merely directory to them; and that if this is not done, the omission

will not affect its validity.   A contrary decision would be in hostility with the 3d section of the act regulating this matter; which provides, that no award made by virtue of this act, shall be liable to be examined into, superseded, or reversed, by writ of error, or set aside by the court to which it was returned, for want of form only, or other irregularity, if such award decides the case, suit, matter or controversy, submitted to arbitrators.

In the award which is found in the record, the arbitrators declare that it is given under their hands and seals; but omit making a scroll, or flourish with a pen opposite their names.   If this is not mere form, it is difficult to say in what form consists.

Awards are among the most favored objects of courts of justice.   That they are so considered in this court, is apparent from the case of Tankersly v. Richardson, (2 Stewart Rep. 130.)

Let the judgment be affirmed.